UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| JENNIFER KUKLINSKI | : | Case No.: |
|  | : |  |
| Plaintiff | : | **COMPLAINT** |
| v. | : |  |
|  | : |  |
| HARTFORD LIFE & ACCIDENT | : |  |
| INSURANCE COMPANY | : |  |
|  | : |  |
|  | : |  |
| Defendant | : |  |

Plaintiff, Jennifer Kuklinski, for her Complaint against Defendant Hartford Life & Accident Insurance Company ("Defendant" and "Hartford") states as follows:

1.      Plaintiff is an individual who resides in Concord, New Hampshire, and who is or was a participant in group long-term disability plan (the "Plan") sponsored by her former employer, Bayada Home Health Care, Inc. ("Employer").

2.      Upon information and belief, the Plan is funded through a group insurance policy Defendant sold Employer. (the "Policy").

3.      Upon information and belief, Defendant is a foreign company with offices in Augusta, Maine.

4.      Defendant served as the claims administrator of the Plan for purposes of benefit determinations made pursuant to the Policy.

5.      Plaintiff brings this action to recover benefits under the Plan and Policy.

6.      Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy.  This Court has

subject matter jurisdiction over this action, and it may assert personal jurisdiction over Defendant because, per ERISA 502(e), it can be found in this district.

## Claim for Relief

7.     The Policy provides that Defendant will pay benefits to participants who are suffer a heart attack.

8.     Under the Policy, heart attack is defined as an acute myocardial infarction resulting in the death of a portion of the heart muscle.

9.     Plaintiff suffered a myocardial infarction on May 13, 2025, after she was attacked and bitten by a dog.

10.    Plaintiff qualified for benefits under the Policy.

11.    Plaintiff timely submitted a claim for benefits.

12.    Defendant denied Plaintiff's claim.

13.    Plaintiff timely appealed Defendant's adverse benefit determination.

14.    Plaintiff submitted her appeal to Hartford's Appeal Department, PO Box 1928, Grapevine, Texas 76099 on or about January 23, 2025.

15.    Defendant telephonically acknowledged receipt of the appeal but has not rendered a determination in that regard.

16.    Plaintiff's administrative remedies are deemed exhausted.

17.    Plaintiff is entitled to a judgment against Defendant, in the amount of the unpaid benefits under the Plan and Policy.

18.    Plaintiff is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff requests the Court grant the following relief from Defendant:

a.  A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b.  Plaintiff's costs and attorney's fees; and

c.  All other relief the Court may deem proper.

Dated:  March 17, 2026

/s/ *Andrew S. Davis*
Andrew S. Davis
DAVIS LAW LLC
PO Box 17887
Portland, Maine 04112
andrew@erisabenefitlawyer.com